**CREMATI, Habeas Corpus, In re.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23112.   Decided February 19, 1954.

Louis Fernberg, Cleveland, for petitioner.
Frank T. Cullitan, County Pros., Cleveland, for State of Ohio.

## OPINION

By HURD, PJ.

The petitioner invokes this proceeding for the purpose of being admitted to reasonable bail.  He is now confined in the county jail in default of bail fixed by the court of common pleas.

The petitioner represents that he is being subjected to "cruel and inhuman punishment by reason of the fact that unrea-

sonable and exorbitant bail was fixed by the common pleas court in violation of his constitutional right to be admitted to reasonable bail."

By way of answer, Joseph Sweeney, Sheriff of Cuyahoga County, sets forth the following:

"That Joe Cremati has been committed to the County Jail by the Court of Common Pleas of Cuyahoga County, Ohio, following his arraignment under cause No. 63921 of said Court of Common Pleas, Criminal Division, upon certain indictments returned against the said Joe Cremati by the Grand Jury of Cuyahoga County, Ohio, copies of which are marked Exhibits "A" "B" and "C" and are annexed hereto and made a part hereof.

"Upon arraignment of the said Joe Cremati on the charges set forth in the indictments on February 5, 1954, the Court of Common Pleas fixed the amount of bail at $50,000.00 and the said Joe Cremati has to date failed to furnish said bond. The sheriff further states that under cause No. 63922 of the Court of Common Pleas of Cuyahoga County, Ohio, Criminal Division, the said Joe Cremati and one Bernabe Lopez were charged in the indictments of the violation of the provisions of §2905.14 and §2905.27 R. C., and that copies of said indictments are annexed hereto, marked Exhibits "D" "E" "F" "G" "H" and made a part hereof. The court of common pleas upon arraignment of the said Joe Cremati and Bernabe Lopez on Feb. 5, 1954, fixed the amount of bond in said cause No. 63922 in the sum of $3500.00.

"The sheriff further states that the said Joe Cremati has conferred frequently with counsel while in the county jail and except for the statements herein expressly made, denies the allegations contained in the petition."

The indictments referred to in the foregoing answer annexed thereto are eight in number but contain separate counts, six of which charge the petitioner with the commission of felonies and four of which charge him with the commission of certain misdemeanors.

Without enumerating all of the separate counts in the indictments in detail suffice it to say that the defendant is charged with violation of certain sections of the Revised Code which, with maximum penalties, are as follows:

Sec. 2905.01 R. C. (Rape) Maximum penalty 20 years;

Sec. 2905.02 R. C. (Rape of Female under 12 years) penalty, life imprisonment.

Sec. 2905.03 R. C. (Carnal knowledge of female under 16 years) maximum penalty 20 years;

Sec. 2903.01 R. C. (Felonious assault) maximum penalty ten years;

**Sec. 2905.14 R. C.** (Keeping house of ill-fame or harboring child therein) maximum penalty, fine and six months.

**Sec. 2905.27 R. C.** (Keeping a place for prostitution) maximum penalty one year.

From the foregoing partial enumeration of charges and penalties there can be no doubt of the serious nature of the offenses and the severity of the penalties.

We are not here called upon to discuss the guilt or innocence of the accused. Such issues will be determined upon trial of the indictments. The single question presented is whether or not total bail in the sum of $53,500.00 fixed by the trial court is excessive where the charges involve commission of six felonies and four misdemeanors.

**Section 9, Article I of the Constitution of Ohio,** and the Eighth Amendment to the Constitution of the United States provide that "excessive bail shall not be required."

In the case of **In re Lonardo et al, 86 Oh Ap 289,** this court in referring to these constitutional provisions, said at page 291:

"From these constitutional provisions there is derived the general principle governing the allowance of bail that the amount thereof shall be reasonable. The primary purpose of bail is to secure the appearance of the accused at the trial, but in determining the amount of bail, the following factors, among others, may be considered: The nature of the offense, the penalty upon conviction thereof, the character and reputation of the accused, and the probability of his appearance for trial."

In that case each of the petitioners were charged with being suspicious persons in violation of the ordinance of the City of Cleveland, the maximum penalty on conviction in such case being a fine of $50.00 and imprisonment for thirty days. The trial court had fixed bail at the sum of $50,000.00, which was held to be excessive by this court, but bail was required from each in the sum of $15,000.00. The great difference in the crimes charged in that case and the crimes charged in the instant case is so obvious that a discussion thereof is unnecessary.

In applying the principles set forth in the case of In re Lonardo, supra, this court must take into consideration the fact that the six felonies here charged against the petitioner are the most serious offenses, one of which carries a sentence of life imprisonment. It was stated in open court and not denied that concomitant with the indictments brought against the petitioner, seventeen police officers of the City of Cleveland were suspended on charges directly relating to the keeping

of a place for prostitution on Prospect Avenue in the City of Cleveland.

In consideration of these circumstances and the serious nature of the offenses and the penalties provided therefor, this court is of the opinion that bail fixed in the amount of $10,000.00 for each of the felonies here charged would not be excessive. It is our conclusion therefore that under all of the circumstances brought out in the hearing of this writ that the amount of bail fixed by the trial court in the total sum of $53,500.00 is not a violation of the constitutional rights of the petitioner.

In the hearing on the petition there was advanced as a further reason of petitioner for reduction of bail that he is presently suffering from diabetes and that it is necessary to have the administration of insulin daily. However, the petitioner testified that the nurse at the county jail, under the direction of the county physician, has been administering insulin to the petitioner daily as needed.

It is the conclusion of this court, for the reasons stated, that the writ of habeas corpus should be denied. Exceptions noted. Order see journal.

KOVACHY, J, SKEEL, J, concur.